```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

JACOB DAGLEY,                   :
                                :
    Plaintiff,                  :
                                :
    v.                          :     CASE NO. 3:05CV506(RNC)
                                :
OFFICER TERRENCE BLAKE,         :
ET AL.,                         :
                                :
    Defendants.                 :
```

### RULING ON PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND MOTIONS TO STRIKE

The plaintiff, Jacob Dagley, brings this action pursuant to 42 U.S.C. § 1983 against Norwalk police officers Terrence Blake, Daniel Osvalda, Anthony DePanfilis, John Doe, Chief of Police Harry Rilling and the City of Norwalk.  The plaintiff alleges that police officers used excessive force against him.  Pending before the court are the plaintiff's motion for protective order (doc. #36) and the plaintiff's motions to strike.  (Docs. #44, 49.)

I.  Motion for Protective Order

The plaintiff filed the instant motion in response to the defendants' notice of the plaintiff's deposition.  The plaintiff, currently incarcerated in a state corrections facility, first requests that the court order that his deposition take place in a "non-contact visiting area of sufficient square footage as not to make the process oppressive or intimidating in character where there can be no physical contact between the defendants and the plaintiff."  (Doc. #36, Pl's Mem. at 8.)  The plaintiff further

requests there be in place "procedures related to the site and nature of the deposition area to protect [him] from intimidating and oppressive conduct by the defendants and third parties" and that such procedures be set forth "in advance and in writing." (Doc. #36, Pl's Mem. at 2.)  The parties have come to an agreement which resolves these issues, and the motion is therefore denied as moot.

The plaintiff next moves for an order limiting the permissible scope of inquiry by the defendants at his deposition.  The following additional facts are relevant to the resolution of the plaintiff's motion.  On April 10, 2003, the plaintiff was a passenger in a vehicle.  Police officers attempted to pull over the vehicle.  After a chase, the vehicle stopped and the plaintiff exited.  He fled, attempting to elude the officers.

The plaintiff seeks to preclude the defendants from inquiring into the plaintiff's "actions on April 10, 2003 prior to Norwalk police pursuit of a vehicle in which [he] was a passenger." (Doc. #36, Pl's Mem. at 2.)  The plaintiff argues that such inquiry is precluded by the Connecticut statute governing erasure of criminal records, Conn. Gen. Stat. § 54-142a. Specifically, the plaintiff contends that because any crimes with which he was charged that day subsequently were nolled and dismissed, the erasure statute prohibits the defendants from inquiring as to the plaintiff's involvement in the incidents which gave rise to the criminal

charges.

Conn. Gen. Stat. § 54-142a, entitled "Erasure of Criminal Records," provides in relevant part:

> (a) Whenever in any criminal case . . . the accused, by a final judgment, is found not guilty of the charge or the charge is dismissed, all police and court records and records of any state's attorney pertaining to such charge shall be erased upon the expiration of the time to file a writ of error or take an appeal, if an appeal is not taken, or upon final determination of the appeal sustaining a finding of not guilty or a dismissal, if an appeal is taken. . . .
>
> \* \* \*
>
> (e) The clerk of the court or any person charged with retention and control of such records in the records center of the judicial department or any law enforcement agency having information contained in such erased records shall not disclose to anyone information pertaining to any charge erased under any provision of this section and such clerk or person charged with the retention and control of such records shall forward a notice of such erasure to any law enforcement agency to which he knows information concerning the arrest has been disseminated and such disseminated information shall be erased from the records of such law enforcement agency. Such clerk or such person, as the case may be, shall provide adequate security measures to safeguard against unauthorized access to or dissemination of such records or upon the request of the accused cause the actual physical destruction of such records. . . . Any person who shall have been the subject of such an erasure shall be deemed to have never been arrested within the meaning of the general statutes with respect to the proceedings so erased and may so swear under oath.

Conn. Gen. Stat. § 54-142a mandates in subsection (a) the erasure of "all police and court records and records of any state's attorney" pertaining to charges which have been dismissed, and prohibits in subsection (e) the disclosure of the contents of those records by judicial or law enforcement personnel. By the express

terms of the statute, the use of any records of the prior arrest and court proceedings is prohibited.  The statute does not, however, proscribe the defendants from inquiring into the plaintiff's conduct.  See State v. Morowitz, 200 Conn. 440, 451 (1986) (holding that the statute does not preclude testimony of witnesses about the defendant's conduct).

The plaintiff next contends that regardless of the applicability of the erasure statute, inquiry about the events on April 10, 2003 before the vehicle pursuit should be prohibited because the information is not relevant.

Fed. R. Civ. P. 26(c) states in pertinent part: "Upon motion by . . . the person from whom discovery is sought, and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  "The grant and nature of protection is singularly within the discretion of the district court and may be reversed only on a clear showing of abuse of discretion. . . . This standard applies where the requested order has been denied as well as when it has been granted." Dove v. Atlantic Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992)(citations omitted.)

The defendants contend that the events and the plaintiff's activities before the chase are relevant to the plaintiff's state of mind and might bear on his reason and motivation in fleeing from

4

the defendants.  They further argue that this information might bolster their claim that the plaintiff resisted the police officers and had to be subdued.  The plaintiff responds that the inquiry is unnecessary because the record contains sufficient information from which the defendants might argue that the plaintiff had a reason to run from the police.  The court is persuaded that the information has some relevance under the broad definition of that term as it applies in the context of discovery.  See Fed. R. Civ. P. 26(b)(1); Melendez v. Greiner, No. 01 Civ. 7888, 2003 WL 22434101, at *1 (S.D.N.Y. Oct. 23, 2003) ("Although not unlimited, relevance for the purposes of discovery is 'an extremely broad concept.'"); Zanowic v. Reno, No. 97 Civ. 5292, 2000 WL 1376251, at *2 (S.D.N.Y. Sept. 25, 2000) (same).  The plaintiff has not sustained his burden of demonstrating good cause in support of his sweeping request to preclude any inquiry into the time on April 10, 2003 before the chase.  Accordingly, the plaintiff's motion for a protective order is denied without prejudice.  The plaintiff may apply to the court at a later date if necessary.  See Fed. R. Civ. P. 30(d).

II.  Motions to Strike

The plaintiff requests that exhibit B of the defendants' "objection to plaintiff's motion for protective order" (doc. #40) and exhibit A of the defendants' "supplemental objection to motion for protective order" (doc. #46) be stricken or sealed because they disclose information in violation of Conn. Gen. Stat. § 54-142a.

The motions (docs. #44, 49) are granted. The parties are assured that the exhibits were not considered by the court in resolving the motion for protective order. The Clerk of the Court shall place the exhibits under seal.

III. <u>Conclusion</u>

For these reasons, the plaintiff's request for an order regarding accommodations and conditions of his deposition is denied as moot in light of the agreement of the parties. The plaintiff's request to limit the scope of the inquiry at his deposition is denied without prejudice. The plaintiff's motions to strike are granted in that the exhibits at issue shall be placed under seal.

SO ORDERED at Hartford, Connecticut this 25th day of October 2005.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge